IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JEFFERY BYRD a/k/a DWAYNE SIMPSON,

        Plaintiff,

       v.

COFFEE COUNTY BOARD OF
COMMISSIONERS, et al.,

        Defendants.

CIVIL ACTION NO.: 5:21-cv-43

## REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court on Plaintiff's Motion to Proceed *in Forma Pauperis* and for a frivolity screening under 28 U.S.C. § 1915A. I **GRANT** Plaintiff's Motion to Proceed *in Forma Pauperis*. Doc. 3. Further, for the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's claims against Defendant Coffee County Board of Commissioners;

2. Plaintiff's access-to-courts claim against Defendant Shaw;

3. Plaintiff's conditions-of-confinement claim;

4. Plaintiff's state law claims; and

5. Plaintiff's claims against Defendants in their official capacities for monetary damages.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

1. Plaintiff's Fourteenth Amendment due process claim against Defendants Metts and White (concerning the disciplinary sanction imposed);

2.  Plaintiff's claim for deliberate indifference to a serious medical need against Defendant John or Jane Doe[1] (concerning Plaintiff's alleged anxiety attack on October 2, 2020); and

3.  Plaintiff's policy or custom claims against Defendants Wooten, Cole, and Philips for policies relating to his: (1) due process claim regarding the lack of hearings in connection with disciplinary sanctions; and (2) deliberate indifference claim, in which he alleges it is prison policy to ignore inmates calls for medical attention while they are having a medical emergency in disciplinary segregation.

## PLAINTIFF'S CLAIMS[2]

Plaintiff filed his Complaint after being incarcerated at Coffee County Jail ("CCJ") as a pre-trial detainee.  Doc. 1 at 4.  On September 28, 2020, Plaintiff was transported to CCJ after being arrested for a traffic violation.  Id. at 16.  The next morning, Plaintiff received a disciplinary report following a verbal altercation with Defendant Metts, who Plaintiff alleges refused to provide him adequate water at breakfast.  Id.  Plaintiff contends Defendant Metts' refusal to provide him with adequate water at breakfast is cruel and unusual punishment.  Id. at 17.

Plaintiff also received a disciplinary report and punishment without any opportunity to be heard and without appearing before a disciplinary hearing committee because of the confrontation with Defendant White.  Id.  Defendant White sentenced Plaintiff to seven days in disciplinary segregation.  Id.  Plaintiff contends sentencing him to disciplinary segregation without a disciplinary hearing violates his constitutional rights, including his Fourteenth and Fourth Amendment rights, and constitutes cruel and unusual punishment.  Id. at 17–18, 21–23.

---

[1]  Plaintiff lists a John or Jane Doe as a Defendant, referring to an unknown prison guard working in a control booth on October 2, 2020.  Doc. 1 at 13.  Plaintiff appears to be unaware of the gender of this officer or whether there was only one or multiple officers working in the booth on that date.  For convenience, the Court will refer to this Defendant simply as John Doe.

[2]  All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Further, Plaintiff asserts it is CCJ's policy to punish inmates without first holding a disciplinary hearing and Defendants Wooten, Cole, Phillips, and Coffee County Board of Commissioners are responsible for CCJ's unconstitutional policy or practice. Id. at 18–19, 21–22. Following the disciplinary hearing, Defendant Shaw refused to provide Plaintiff with copies of his disciplinary report and sanction, which Plaintiff asserts denied him access to the courts and further violated his constitutional rights. Id. at 18, 22.

On October 2, 2020, while in disciplinary segregation, Plaintiff suffered from an anxiety attack. Id. at 20. However, Defendant John Doe ignored Plaintiff's calls for help during this time. Id. at 20. Plaintiff brings a deliberate indifference claim against Defendant John Doe for ignoring his serious medical need—his panic attack. Id. at 22. Additionally, Plaintiff was not provided with water other than what little came from the sink in his cell and no hourly checks were performed while he was in disciplinary segregation, which he also contends is cruel and unusual punishment and part of CCJ's policy or practice. Id.

Finally, Plaintiff asserts state law claims for false imprisonment, intentional infliction of emotional distress, malicious abuse of process, malicious use of process, and negligence against each Defendant. Id. at 21, 23.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The

pleadings of unrepresented parties are held to a less stringent standard than those drafted by

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural

rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law

or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver,

251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be

granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.**     **Policy or Custom Claim Against Defendant Coffee County Board of Commissioners**

Plaintiff sues Defendant Coffee County Board of Commissioners for CCJ's allegedly

unconstitutional policies.  Doc. 1.  That is, Plaintiff contends Defendant Board of Commissioners

is responsible for CCJ's polices and knew or should have known those policies were

unconstitutional.  Id. at 14, 19, 23.

To establish municipal liability under § 1983, the plaintiff must identify a "policy" or

"custom" of the county that caused his injury.  Grech v. Clayton County, 335 F.3d 1326, 1331

(11th Cir. 2003); see also Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 695 (1978).  A

plaintiff cannot simply point to the acts of a government employee and rely on the doctrine of

respondeat superior to support his claims.  Monell, 436 U.S. at 691–93; see Connick v.

Thompson, 563 U.S. 51, 60 (2011) ("[L]ocal governments are responsible only for their own

illegal acts. They are not vicariously liable under § 1983 for their employees' actions.") (internal quotation marks and citations omitted). The county's policy or custom must bear a relationship to the employee's allegedly unconstitutional conduct.

"[L]ocal governments can never be liable under § 1983 for the acts of [officials] whom the local government has no authority to control." Turquitt v. Jefferson County, 137 F.3d 1285, 1292 (11th Cir. 1998). In other words, the "local government 'must have power in an area in order to be held liable for an official's acts in that area.'" Id. (quoting McMillian v. Johnson, 88 F.3d 1573, 1578 (11th Cir. 1996)). Therefore, when imposing municipal liability, courts ask which government body under state law had control over the function at issue. Grech, 335 F.3d at 1331. Under Georgia law, county sheriffs, in this case the Coffee County Sheriffs, are the policymakers for the county jail, here CCJ. Moncus v. Lasalle Mgmt. Co., No. 7:19-cv-75, 2020 WL 4430390, at *2–3 (M.D. Ga. July 31, 2019). Further, sheriffs generally perform their corrections duties on behalf of the state, not the county. See Moncus v. Lasalle Mgmt. Co., No. 7:19-cv-75, 2020 WL 1679695, at *5–9 (M.D. Ga. Apr. 6, 2020) (finding sheriff was entitled to Eleventh Amendment immunity because he acted as an arm of the State as administrator of the jail). The sheriff is separate and independent of the county and its governing body for these purposes. Manders v. Lee, 338 F.3d 1304, 1310 (11th Cir. 2003). "[C]ounties have no authority over what corrections duties sheriffs perform, or which state offenders serve time in county jails, or who is in charge of the inmates in the county jails." Id. at 1318.

Thus, Plaintiff cannot hold Defendant Board of Commissioners liable for the sheriff's policies. Simply put, "[a] sheriff's policy or act cannot be said to speak for the county if the county has no say in what policy or action the sheriff takes." Grech, 335 F.3d at 1331; see, e.g., Jackson v. Smith, 683 F. App'x 867, 871–72 (11th Cir. 2017) (affirming district court's entry of

summary judgment in favor of municipal defendant because the sheriff established policy for

pretrial detainees "and oversaw the detention center").  Accordingly, I **RECOMMEND** the

Court **DISMISS** Plaintiff's § 1983 claims against Defendant Board of Commissioners.

II.     **Access-to-Courts Claim**

Plaintiff brings an access-to-courts claim against Defendant Shaw.  Doc. 1 at 18.

Specifically, Plaintiff alleges Defendant Shaw refused to provide Plaintiff with copies of his

disciplinary report and grievance appeal, which impeded his "immediate" access to the courts.

Id. at 18, 22.

"[P]risoners have a constitutional right of access to the courts."  Barbour v. Haley, 471

F.3d 1222, 1225 (11th Cir. 2006); see also Lewis v. Casey, 518 U.S. 343, 343 (1996); Bounds v.

Smith, 430 U.S. 817, 821 (1977); Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003)

("Access to the courts is clearly a constitutional right, grounded in the First Amendment, the

Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth

Amendment.").  To have standing to bring an access-to-courts claim, the "inmate alleging a

violation of the right of access to the courts must show an actual injury."  Bass v. Singletary, 143

F.3d 1442, 1445 (11th Cir. 1998) (citing Lewis, 518 U.S. at 349–50).  Not all denials of access

result in injury.  Lewis, 518 U.S. at 354–56.  Rather, plaintiffs must show the denial of access

related to a non-frivolous, arguable underlying claim.  Harrison v. United States, 577 F. App'x

911, 913 (11th Cir. 2014).  Incarcerated individuals must identify the underlying claim with

sufficient enough detail to "give fair notice to the defendants" and show "the 'arguable' nature of

the underlying claim is more than hope."  Christopher v. Harbury, 536 U.S. 403, 416 (2002);

Arthur v. Comm'r, Ala. Dep't of Corr., 680 F. App'x 894, 903 (11th Cir. 2017); Harrison, 577

F. App'x at 912–13 ("[A] litigant asserting an access claim must identify a colorable underlying

claim, ancillary to the right of access to the courts."); Cunningham v. Dist. Attorney's Office,

592 F.3d 1237, 1271 (11th Cir. 2010); Barbour, 471 F.3d at 1226.

Here, Plaintiff has failed to allege actual injury.  Plaintiff alleges Defendant Shaw

delayed him in bringing this suit.  However, Plaintiff's instant action appears to be timely.

Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Shaw.

### III.    Conditions-of-Confinement Claim

Plaintiff brings a conditions of confinement claim related to Defendant Metts' providing

only two ounces of water with his breakfast.  Doc. 1 at 17.  Plaintiff further alleges the

conditions in disciplinary segregation were cruel and unusual because he was only provided

water through a sink in his cell, which "barely seeped through."  Id. at 20.

Conditions of confinement imposed prior to conviction are reviewed under the due

process clause of the Fourteenth Amendment.  Hamm v. DeKalb County, 774 F.2d 1567, 1572

(11th Cir. 1985) (citing Bell v. Wolfish, 441 U.S. 520, 535 & n. 16 (1979)).  Jail officials must

provide a "reasonable level of food, living space, and medical care" to pretrial detainees.  Id. at

1574.  The Fourteenth Amendment is implicated only when jail conditions deprive a detainee of

"the minimal civilized measure of life's necessities."  Jordan v. Doe, 38 F.3d 1559, 1565 (11th

Cir. 1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  However, the Constitution

"does not mandate comfortable prisons," Rhodes, 452 U.S. at 349, and "does not require that

prisoners be provided any and every amenity which some person may think is needed to avoid

mental, physical, and emotional deterioration."  Newman, 559 F.2d at 291.

Plaintiff alleges he was denied adequate water (but not all water) with one meal and

could only get water through a sink in his cell while in disciplinary segregation for seven days.

Doc. 1 at 17, 20.  However, Plaintiff does not state he was unable to drink water during those

seven days in disciplinary segregation; instead, he alleges it was merely difficult to get water from the sink.  This claim does not rise to the level of a constitutional deprivation.  See Gross v. White, 340 F. App'x 527 (11th Cir. 2009) (finding allegations that unnamed deputies shut off water supply for first 36 hours of six-day period during which pretrial detainee was in medical isolation did not state claim for violation of detainee's rights based upon conditions of confinement where detainee admitted that he received meals while he remained in isolation); Alfred v. Bryant, 378 F. App'x 977, 978 (11th Cir. 2010) (holding an inmate who stayed in a cell without a mattress and properly functioning toilet for 18 days failed to state a claim for unconstitutional conditions of confinement).  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's conditions-of-confinement claim.

IV.     **State Law Claims**

Plaintiff brings state law claims for "false imprisonment, intentional infliction of emotion distress, malicious use of process, malicious abuse of process, and negligence" against each Defendant.  Doc. 1 at 21.  The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

As to the state law claims, Plaintiff fails to provide any detail about the claim.  Plaintiff does not describe the facts supporting his state law claims, nor does he connect a Defendant with each purported claim.  In fact, the above-quoted language is the only description Plaintiff

provides regarding his state law claims.  Accordingly, I **RECOMMEND** the Court **DISMISS**

Plaintiff's state law claims.

## V.        Official Capacity Claims

Remaining are Plaintiff's claims against Defendants Wooten, Cole, Philips, White, Metts,

and John Doe in their official capacities.  Doc. 1 at 2–3, 13.  Plaintiff, however, cannot sustain a

§ 1983 claim for monetary damages against Defendants in their official capacities for monetary

damages.  States are immune from private suits pursuant to the Eleventh Amendment and

traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).

Section 1983 does not abrogate the well-established immunities of a state from suit without its

consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against

a state agency or a state officer in their official capacity is "no different from a suit against the

[s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.  Furthermore, it is

well-settled law sheriffs and members of the sheriff department acting in a law enforcement

capacity are acting on behalf of the state.  See Manders, 338 F.3d at 1308; Grech, 335 F.3d at

1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law

enforcement officer. . .").  As this Court has recognized,

> Since Manders was decided in 2003, the relevant Georgia law remains essentially
> unchanged.  Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms
> of the state—not as county officials . . . .  In sum, Manders and its progeny dictate
> that where a sheriff and his deputies are performing their official and authorized
> duties as state actors. . . they are entitled to Eleventh Amendment immunity from
> a § 1983 claim for money damages or other retrospective relief brought against
> them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015)

(internal citations omitted) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332–40; Hall

v. Fries, No. 7:13-CV-105, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v.

Mercier, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and Lewis v. Wilcox,

No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

Here, the State of Georgia would be the real party in interest in a suit against Defendants

in their official capacities as the Sheriff and employees of the Coffee County Sherriff's

Department.  Accordingly, the Eleventh Amendment immunizes Defendants from suit for

monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot

sustain any constitutional claims against Defendants in their official capacities for monetary

relief.  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages

against Defendants Wooten, Cole, Philips, White, Metts, and John Doe in their official capacities

under § 1983.

**CONCLUSION**

I **GRANT** Plaintiff's Motion to Proceed *in Forma Pauperis*.  Doc. 3.  Further, for the

reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of

Plaintiff's Complaint:

1.   Plaintiff's claims against Defendant Coffee County Board of Commissioners;

2.   Plaintiff's access-to-courts claim against Defendant Shaw;

3.   Plaintiff's conditions-of-confinement claim;

4.   Plaintiff's state law claims; and

5.   Plaintiff's claims against Defendants in their official capacities for monetary damages

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct

service of the following claims by separate Order:

1.      Plaintiff's Fourteenth Amendment due process claim against Defendants Metts and White (concerning the disciplinary sanction imposed);

2.      Plaintiff's claim for deliberate indifference to a serious medical need against Defendant John Doe (concerning Plaintiff's alleged anxiety attack on October 2, 2020); and

3.      Plaintiff's policy or custom claims against Defendants Wooten, Cole, and Philips for policies relating to his: (1) due process claim regarding the lack of hearings in connection with disciplinary sanctions; and (2) deliberate indifference claim, in which he alleges it is prison policy to ignore inmates calls for medical attention while they are having a medical emergency in disciplinary segregation.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the

direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of November, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA