IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JEFFREY BYRD a/k/a DWAYNE SIMPSON,

    Plaintiff,

v.

DOYLE WOOTEN, et al.,

    Defendants.

CIVIL ACTION NO.: 5:21-cv-43

### REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's failure to comply with this Court's November 29, 2021 Order. Doc. 9. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant John Doe for failure to follow this Court's Order and failure to prosecute and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.[1] To be clear, should these recommendations be adopted, Plaintiff's claims against all other Defendants will remain pending.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff his claims against Defendant Doe are due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v.

## BACKGROUND

On July 12, 2021, Plaintiff, proceeding pro se, filed a Complaint alleging Defendant John Doe (and others) violated his constitutional rights.[2]  Doc. 1.  Plaintiff moved to proceed *in forma pauperis*, which the Court granted.  Docs. 3, 4.  In conjunction with service of Plaintiff's Complaint, the Court ordered Plaintiff to identify Defendant Doe within 21 days.  Doc. 6 at 2.  Plaintiff then moved for an extension after the start of discovery to identify Defendant Doe.  Doc. 8.  The Court granted Plaintiff's request and provided Plaintiff with 30 days after the first named Defendant's appearance to obtain the identities of any Doe Defendant.  Doc. 9.  Additionally, the Court warned Plaintiff his failure to comply may result in dismissal of his claim against Defendant John Doe.  Id.  Defendants Cole, Metts, Phillips, White, and Wooten appeared in this case by filing an Answer on January 3, 2022.  Doc. 16.  However, to date, Plaintiff has not supplemented his Complaint to identify Defendant Doe, and the time to do so has elapsed.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order and his failure to prosecute.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant John Doe and **DENY** Plaintiff leave to appeal *in forma pauperis*.

---

Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]     Plaintiff lists a John or Jane Doe as a Defendant, referring to an unknown prison guard working in a control booth on October 2, 2020.  Doc. 1 at 13.  Plaintiff appears to be unaware of the gender of this officer or whether there was only one or multiple officers working in the booth on that date.  For convenience, the Court will refer to this Defendant simply as John Doe.

I.      **Dismissal for Failure to Follow This Court's Order and Failure to Prosecute**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir.

---

[3]     In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Plaintiff his failure to supplement his Complaint could result in dismissal of his claims against Defendant John Doe.  Docs. 6, 9.

3

2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of Plaintiff's claims against Defendant Doe without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Plaintiff failed to follow the Court's Order and has not supplemented his Complaint identifying Defendant Doe or providing any information or description which could be used to identify him, despite having the benefit of discovery, ample opportunity to do so, and being forewarned of the consequences of his failure to do so. Doc. 9 at 2. Plaintiff failed to follow the Court's Order. Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant John Doe for failure to follow this Court's Order and failure to prosecute and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal. To

4

be clear, if these recommendations are adopted, Plaintiff's claims against all other Defendants will remain pending.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant John Doe for failure to follow this Court's Order and failure to prosecute and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 10th day of March, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA